UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

SHEILA HAGER,
a citizen and resident of Michigan,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff SHEILA HAGER, a citizen and resident of the State of Michigan, sues Defendant ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation with its principal place of business in Florida doing business as ROYAL CARIBBEAN CRUISES (RCL), and alleges:

## JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.    Plaintiff SHEILA HAGER is sui juris and is a resident and citizen of the State of Michigan.

3.    Defendant ROYAL CARIBBEAN CRUISES, LTD. is a Liberian corporation doing business as ROYAL CARIBBEAN CRUISES, (RCL), with its principal place of business

*Hager v. Royal Caribbean Cruises, Ltd.*
*Case No.*

in Miami, Miami-Dade County, Florida.  RCL is therefore a citizen both of Liberia and of Florida for purposes of this action.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship.  The Plaintiff is a citizen and resident of the State of Michigan, while the Defendant is deemed a citizen of Florida and of Liberia for federal jurisdictional purposes, so there is complete diversity of citizenship between the parties.  The amount in controversy exceeds $75,000.00, the minimum jurisdictional amount for diversity cases.  The damages and injuries alleged in Paragraphs 17 and 18, including left wrist and left ankle fractures, support an award of damages in excess of $75,000.00.

5.      At all material times, Defendant RCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over RCL exists in the United States District Court for the Southern District of Florida.

6.      At all material times, RCL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7.      In the operative ticket contract, RCL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8.      Venue is also proper in this district because RCL's principal place of business is located within this district.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Hager v. Royal Caribbean Cruises, Ltd.*
*Case No.*

9.      Plaintiff has complied with all conditions precedent to bringing this action.  As required by the ticket contract, the Plaintiff, on November 18, 2019, within six months after the date of injury referenced below, sent Defendant RCL by mail a written notice of her claim, a copy of which is attached as Exhibit 1.

<u>**LIABILITY AND DAMAGE ALLEGATIONS**</u>

<u>**COMMON TO ALL COUNTS**</u>

10.      At all material times, Defendant RCL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "ALLURE OF THE SEAS."

11.      At all material times, Defendant RCL operated, managed, maintained and was in exclusive control of the "ALLURE OF THE SEAS."

12.      At all material times, including the injury date of October 22, 2019, the Plaintiff was a fare paying passenger aboard the "ALLURE OF THE SEAS" and in that capacity was lawfully present aboard the vessel.

13.      At all material times, including the injury date of October 22, 2019, there existed a dangerous condition on the "ALLURE OF THE SEAS."  Specifically, nosings and anti-skid strips on stairs on a staircase leading down from the top deck, near the onboard zip line, were worn so that sections of the nosing and strip were not level and protruded, creating a tripping hazard for passengers using the staircase.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Hager v. Royal Caribbean Cruises, Ltd.*
*Case No.*

14.     At all material times, the staircase referenced in the preceding paragraph was in a high traffic area due to its frequent use by passengers descending from the top deck.

15.     At all material times, including the injury date of October 22, 2019, the Defendant had actual or constructive notice of the dangerously worn and protruding condition of the nosings and strips on the staircase referenced in Paragraph 13.  Defendant's notice came from inspections of the area by its crewmembers, prior tripping incidents on the staircase, and the existence of the worn condition of the nosings and strips for a sufficient period of time to invite corrective measures.  The worn appearance of the staircase nosings and strips at the time of the injury itself indicated that the condition had been present for a significant period of time.

16.     Further, a number of safety agencies such as ASTM International and the American National Standards Institute (ANSI) have developed safety standards applicable to the stairs and staircase in question, such as requirements for the installation and maintenance of nosings and strips thereon.   The standards in and of themselves constitute additional constructive notice that conditions in violation of the standards are hazardous

17.     On October 22, 2019, while lawfully present as a fare paying passenger on board the "ALLURE OF THE SEAS," the Plaintiff was descending the staircase referenced in Paragraph 13 above when her foot caught on a protruding, worn section of a nosing or strip, causing her to lose her balance, trip, fall down the stairs, and thereby sustain injuries including fractures to her left wrist and ankle.

*Hager v. Royal Caribbean Cruises, Ltd.*
*Case No.*

18.    As a direct and proximate result of the trip and fall described in Paragraph 17, the Plaintiff was injured in and about her body and extremities, sustaining injuries including fractures of her left wrist and ankle, suffered pain and mental anguish therefrom and sustained disfigurement, disability and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries and sustained aggravation or activation of preexisting injuries and conditions. The Plaintiff has also lost earnings and has sustained a loss of capacity to earn money in the future. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE

19.    The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 18 above and further alleges the following matters.

20.    At all material times Defendant RCL owed the Plaintiff SHEILA HAGER, as a fare paying passenger lawfully on board its vessela duty of reasonable care for her safety, including a duty to maintain the onboard stairs and staircase referenced in Paragraph 13 in a reasonably safe condition for passenger use.

21.    At all material times there existed hazardous conditions on the staircase referenced in Paragraph 13, as described in Paragraph 13.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Hager v. Royal Caribbean Cruises, Ltd.*
*Case No.*

22.     At all material times the Defendant had actual or constructive notice of the hazardous conditions referenced in Paragraph 13 above, for the reasons set forth in Paragraphs 15 and 16 above.

23.     Notwithstanding its actual or constructive knowledge of the dangerous condition of the staircase referenced in Paragraph 13, Defendant RCL failed to correct the hazardous condition before the Plaintiff tripped and fell as alleged in Paragraph 17 above.

24.     The specific material negligent acts and omissions by RCL included failure to conduct sufficient routine inspections of the staircase in question, failure to maintain the nosings and strips on the staircase and to replace worn nosings and strips when detected, and failure to cordon off the dangerous area or direct passenger foot traffic away from it.  RCL was thereby negligent in its maintenance of the stairs and staircase.

25.     As a direct and proximate result of the negligence of RCL described above, the Plaintiff SHEILA HAGER tripped and fell as described in Paragraph 17 above and thereby has sustained and will continue to sustain the damages described in Paragraph 18 above.

**WHEREFORE,** the Plaintiff demands judgment against RCL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

<u>**COUNT II - NEGLIGENT FAILURE TO WARN OF HAZARD**</u>

26.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 18 above and further alleges the following matters.

*Hager v. Royal Caribbean Cruises, Ltd.*
*Case No.*

27.    At all material times Defendant RCL owed the Plaintiff SHEILA HAGER, as a fare paying passenger lawfully on board its vessel a duty of reasonable care for her safety, including a duty to warn her of onboard conditions posing tripping hazards, such as the stairs and staircase referenced in Paragraph 13.

28.    At all material times there existed hazardous conditions on the staircase referenced in Paragraph 13, as described in Paragraph 13.

29.    At all material times the Defendant had actual or constructive notice of the hazardous conditions referenced in Paragraph 13 above, for the reasons set forth in Paragraphs 15 and 16 above.

30.    Notwithstanding its actual or constructive knowledge of the dangerous condition of the staircase referenced in Paragraph 13, Defendant RCL failed to warn passengers including the Plaintiff of it, before the Plaintiff tripped and fell as alleged in Paragraph 17 above, through the use of appropriate signage or markings, oral or written warnings, cordoning off the dangerous area, or otherwise.  RCL thereby failed to exercise reasonable care for the safety of its passengers and was negligent.

31.    As a direct and proximate result of the negligence of RCL described above, the Plaintiff SHEILA HAGER tripped and fell as described in Paragraph 17 above and thereby has sustained and will continue to sustain the damages described in Paragraph 18 above.

**WHEREFORE,** the Plaintiff demands judgment against RCL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Hager v. Royal Caribbean Cruises, Ltd.*
*Case No.*

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 26th day of February, 2021.

> *s/Nicholas I. Gerson*
> PHILIP M. GERSON
> Florida Bar No. 127290
> pgerson@gslawusa.com
> NICHOLAS I. GERSON
> Florida Bar No. 0020899
> ngerson@gslawusa.com
> EDWARD S. SCHWARTZ
> Florida Bar No. 346721
> eschwartz@gslawusa.com
> DAVID L. MARKEL
> Florida Bar No. 78306
> dmarkel@gslawusa.com
> GERSON & SCHWARTZ, P.A.
> 1980 Coral Way
> Miami, Florida 33145
> Telephone:     (305) 371-6000
> Facsimile:     (305) 371-5749
> *Attorneys for Plaintiff*

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com