UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-20802-HUCK/Becerra

SHEILA HAGER,

    *Plaintiff*,

v.

ROYAL CARIBBEAN CRUISES,
LTD.,

    *Defendant*.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court upon Defendant Royal Caribbean Cruises, Ltd.'s Motion for Summary Judgment [ECF No. 42], filed April 12, 2022. Plaintiff Sheila Hager alleges that she was injured due to Royal Caribbean's negligence while she was onboard a Royal Caribbean vessel. Hager filed an Amended Response to Defendant's Motion [ECF No. 52] on May 3, 2022, to which Royal Caribbean filed a Reply in Support [ECF No. 55] on May 10, 2022. The Court has carefully considered the parties' briefing, their Statements of Material Facts [ECF Nos. 41, 53, 57], the record, and applicable law. Because genuine issues of material fact exist—specifically, what caused Hager to fall and whether Royal Caribbean had a duty to warn Hager of any alleged dangerous conditions—the Court **DENIES** the Motion.

## I. BACKGROUND

Hager filed her Complaint [ECF No. 1] against Royal Caribbean on February 26, 2021. After receiving leave from the Court, Hager filed an Amended Complaint [ECF No. 28] on February 1, 2022. In her Amended Complaint, Hager alleges that while she was a passenger onboard Royal Caribbean's *Allure of the Seas*, she tripped and fell down a staircase, fracturing her

1

left wrist and ankle. Am. Compl. ¶ 18. Hager alleges that the nosing and anti-skid strips on the stairs were so worn and damaged that the steps were unlevel and protruding, causing her to lose her balance and fall while descending the staircase. *Id.* ¶ 14. Hager alleges that Royal Caribbean had actual or constructive notice of the dangerous condition of the steps, but failed to either correct the steps or warn Hager of the dangerous condition. *Id.* ¶ 16.

Based on these allegations, Hager brings two causes of action. Count One alleges that Royal Caribbean negligently maintained the staircase down which Hager fell. *Id.* ¶ 25. Count Two alleges that despite having actual or constructive notice of the staircase's hazardous condition, Royal Caribbean negligently failed to warn Hager of the dangerous condition. *Id.* ¶ 30. Hager seeks compensatory damages for her injuries and accompanying emotional damages. *Id.* ¶ 19.

Royal Caribbean now moves for summary judgment on four grounds: (i) that video evidence proves that no dangerous condition existed on the steps; (ii) that Hager's testimony is inconsistent as to whether she "tripped" and fell or "slipped" and fell; (iii) that Hager has not provided evidence showing Royal Caribbean had notice of the dangerous condition; and (iv) that any dangerous condition was open and obvious, relieving Royal Caribbean of the duty to warn. *See* Mot. at 2.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may show the presence or absence of a genuine dispute of material fact by citing "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[,] . . . admissions, interrogatory answers, or other materials." *Id.* A fact is "material" if it is a legal element of the claim under the applicable substantive law, such that the

fact might affect the outcome of the case. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). A dispute as to a material fact is "genuine" if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* When addressing a motion for summary judgment, the Court "view[s] all evidence in the light most favorable to and draw[s] all reasonable inferences in favor of the non-moving party." *Washington v. Howard*, 25 F.4th 891, 897 (11th Cir. 2022).

### III. DISCUSSION

A. Applicable Maritime Law.

Injuries that occur "aboard a ship upon navigable waters . . . [are] within the full reach of the admiralty jurisdiction and measurable by the standards of maritime law." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959); *see also Brady v. Carnival Corp.*, --- F.4th ---, 2022 WL 1420869, at *2 (11th Cir. May 5, 2022) ("Maritime law governs the liability of a cruise ship for a passenger's slip and fall."). "In analyzing a maritime tort case, we rely on general principles of negligence law." *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1264 (11th Cir. 2020). Accordingly, to prevail on a maritime negligence claim, a plaintiff must prove (i) the cruise line owed the plaintiff a duty to protect from a particular injury; (ii) the cruise line breached that duty; (iii) the breach actually and proximately caused the plaintiff to sustain injury; and (iv) the plaintiff suffered actual harm. *Id.*

B. The Video Evidence.

Royal Caribbean first argues that "the irrefutable video evidence shows that Plaintiff simply fell without the presence of any dangerous condition causing that fall." Mot. at 2. The video referenced by Royal Caribbean is CCTV footage from the *Allure of the Seas* showing Hager's fall down the staircase. *See* [ECF No. 40]. Royal Caribbean asserts that the video indisputably shows

3

that Hager "did not trip on anything . . . [and] did not slip on anything." Mot. at 5. Royal Caribbean also cites a case from this district in which the court granted summary judgment based on review of cruise-ship CCTV footage. *Id.* (citing *Goncharenko v. Royal Caribbean Cruises, Ltd.*, 2017 WL 4326694 (S.D. Fla. June 5, 2017)).

The court's analysis in *Goncharenko* is distinguishable from the instant case. In *Goncharenko*, the plaintiff claimed a pair of doors onboard the cruise ship "flew open" and "violently struck [her] head." 2017 WL 4326694, at *1. The video evidence, in contrast, depicted a crewmember beginning to open the doors at issue and alerting the plaintiff that the doors were opening. *Id.* at *2. The video further showed the plaintiff stepping back and helping the crewmember open one of the doors. *Id.* Only after being made aware of the open doors—indeed, even helping to open one—did the plaintiff hit her head on the corner of the doors. *Id.*

From its review of the video evidence, the court concluded that "contrary to Goncharenko's interrogatory response stating that the door 'flew open,' the doors were deliberately opened by a Royal Caribbean employee in Goncharenko's presence and with Goncharenko's help." *Id.* (emphasis omitted). The court thus held that the doors on which the plaintiff hit her head were "an open and obvious condition," and granted summary judgment on the plaintiff's failure to warn claim. *Id.* at *3. The video evidence in Hager's case, however, is not as open-and-shut. Certainly, the CCTV footage shows Hager step onto the second step with her left foot, upon which she loses her balance and falls down the remainder of the staircase. But the video is not clear or close enough to show the intricacies of the steps. In other words, the Court is unable to see whether there was actually some sort of protrusion, water, or other hazard on the step that would cause Hager to fall. As such, unlike the court in *Goncharenko*, this Court cannot deem the video evidence to be "contrary to" Hager's allegations. Viewing the video evidence "in the light most favorable to . . .

4

the non-moving party," the Court concludes that the footage does not warrant dismissal of Hager's claims. *See Washington*, 25 F.4th at 897.

    C. <u>Trip-and-Fall versus Slip-and-Fall.</u>

Royal Caribbean second argues that Hager's deposition testimony contradicts the allegations in her Amended Complaint. Mot. at 6. Royal Caribbean emphasizes that the Amended Complaint alleges Hager tripped by catching her foot on a protruding part of the step, *see* Am. Compl. ¶ 18, but Hager's deposition testimony details slipping on water from a nearby surfing ride, *see* [ECF No. 41-1] at 27:1–7, 44:22–45:7. Royal Caribbean asserts summary judgment is proper because Hager has failed to adduce evidence that she "tripped," which is "solely what she alleged in her Complaint." Mot. at 6–7.

Hager's deposition is not as committed to a slip-and-fall accident as Royal Caribbean posits. Hager does mention water from the nearby ride and states that her foot "slid out from underneath me." [ECF No. 41-1] at 27:3–7. Hager even testifies that she "did not trip." *Id.* at 28:20–21. But Hager also testified that "when I went on the stairs, my shoe caught on something there," and that she was uncertain whether water caused her to fall. *Id.* at 27:16–18, 28:16–24; *see also id.* 45:22–46:2 (testifying that a combination of water and the overall slick condition of the metal steps could have contributed to the fall).

In addition to portions of Hager's deposition suggesting that her fall was the result of tripping on something, Hager's expert witness, Dr. Karl Lederer, opined that the subject staircase was "improperly constructed and maintained" because the strips of anti-slip tape on the steps were "excessive in height, and presented non-uniform treads." [ECF No. 49-1] at 4. Dr. Lederer also described the surface of the staircase: "the subject stairs were comprised of a smooth composite material that did not contain any detectable abrasive properties." *Id.*; *see also id.* (describing the

5

lead edges of the steps as "smooth metal [and] not slip resistant"). Steps maintained in these conditions "result in mis-steps, trips, slips, and falls." *Id.*

Accordingly, both Hager's deposition and Dr. Lederer's report put forth evidence that Hager could have slipped on water or the smoothness of the metal step, and then tripped on the excessively high, uneven strips of anti-slip tape. That Hager—untrained in the nuances of human ambulation—could not precisely recount the exact condition that caused her to lose her balance does not foreclose a claim that she either tripped or slipped, or both.

At most, the inconsistencies between Hager's Amended Complaint and her deposition testimony present an issue of how much credibility a factfinder should give Hager as a witness. Importantly, credibility determinations are "jury functions, not those of a judge" when ruling on a motion for summary judgment. *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012); *see also Cosmo v. Carnival Corp.*, 272 F. Supp. 3d 1336, 1342 (S.D. Fla. 2017) (declining to "make credibility determinations in evaluating a motion for summary judgment"). Thus, the inconsistencies do not demand summary judgment—if anything, the inconsistencies reveal an issue of material fact that must be resolved at trial. *See Few v. Cobb Cnty., Ga.*, 147 F. App'x 69, 70 (11th Cir. 2005) (reversing where district court's grant of summary judgment was based on inconsistencies between plaintiff's complaint and deposition testimony (citing *Dosier v. Miami Valley Broad. Corp.*, 656 F.2d 1295, 1301 (9th Cir. 1981))).

D. Evidence of Notice.

Royal Caribbean next argues there is no evidence that it had notice of any dangerous condition on the steps. Mot. at 8. Hager counters by identifying several avenues that she argues gave Royal Caribbean notice of the dangerous condition. *See* Resp. at 5–6.

To prevail on claims of negligent maintenance and negligent failure to warn in the maritime context, a plaintiff must show that the cruise operator "had actual or constructive notice of [the] risk-creating condition" that ultimately caused the plaintiff's injury. *See Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). "In this circumstance, a cruise ship operator's liability hinges on whether it knew or should have known about the dangerous condition." *Guevara*, 920 F.3d at 720 (quotations omitted). Maritime plaintiffs can establish constructive notice with evidence that the dangerous condition "existed for a sufficient period of time to invite corrective measures," or with evidence of substantially similar incidents having occurred in the past. *Id.* (quotations omitted).

The Court finds that Hager has adduced sufficient evidence that Royal Caribbean had constructive notice of the potentially dangerous condition of the staircase. First, based on Dr. Lederer's description of the steps in his expert report, a reasonable jury could conclude that the anti-slip tape had been worn and damaged "for a sufficient period of time to invite corrective measures." *See id.* Significantly, the condition that Hager alleges caused her to fall—excessively high anti-skid tape lacking adequate abrasive properties—is not a transitory or foreign condition on the staircase that can come and go. Rather, the anti-slip tape is a consistently present feature of the steps. Accordingly, the worn-down nature of the anti-skid tape suggests that the subject steps were hazardous for a sufficient period of time to infer constructive notice. Put more simply, if there was enough time for the anti-skid tape to reach a point where it had no "detectable abrasive properties," *see* [ECF No. 49-1] at 4, there was enough time to infer that Royal Caribbean should have noticed the hazardous condition and corrected it.

Second, Hager has presented evidence that in the two years prior to her fall, the staircase was the subject of multiple work orders requesting repairs to the anti-slip tape. *See* [ECF No. 49-

5] at 1–2. These work orders present a factual issue on constructive notice, an issue better determined at trial. *See Rodgers v. Costa Crociere, S.p.A.*, 2009 WL 10666976, at *5 (S.D. Fla. July 7, 2009) (denying summary judgment because a jury could find constructive notice based on work orders for a staircase submitted within the two years prior to plaintiff's accident), *aff'd*, 410 F. App'x 210 (11th Cir. 2010).

To recap, through both the description of the staircase in Dr. Lederer's expert report and the work orders demonstrating the repeated need to repair the anti-slip tape on the steps, Hager has presented evidence suggesting that Royal Caribbean knew or should have known that the subject staircase presented a dangerous condition. Accordingly, summary judgment on the issue of notice would be inappropriate.[1]

E. Open and Obvious.

As its final ground for summary judgment, Royal Caribbean argues that any hazardous nature of the subject staircase was "open and obvious." Mot. at 10. Although a cruise ship operator generally has a duty to warn of hazardous conditions, an operator need not warn of dangers that are open and obvious. *Carroll*, 955 F.3d at 1264. "In evaluating whether a danger is 'open and obvious' we are guided—as in general tort law—by the 'reasonable person' standard." *Id.* The question in the instant case therefore becomes "whether a reasonable person would have observed the [hazardous nature of the steps] and appreciated the risk of walking [down the steps] under the

---

[1] Hager also argues that Royal Caribbean had constructive notice of the staircase's dangerous condition from "21 passenger injury statements from the *Allure of the Seas* . . . for the period from 2017 through 2019, the two years preceding [Hager's] fall." Resp. at 5 (citing [ECF Nos. 49-2 through 49-4]). Evidence of prior, substantially similar incidents may demonstrate that a cruise ship operator had constructive notice of a dangerous condition if the plaintiff shows the prior incidents were caused by "conditions substantially similar to the occurrence in question." *Guevara*, 920 F.3d at 720 (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)). However, the admissibility of the prior incidents that Hager identifies is the subject of a pending motion in limine. *See* [ECF No. 59]. In light of that pending motion, and because Hager presents sufficient evidence of notice independent of the prior incidents, the Court declines to consider the prior incidents as evidence of notice at this stage.

8

circumstances." *See id.* Royal Caribbean bears the burden of proving that the dangerous condition was open and obvious. *See Tabarestani v. Walmart Inc.*, 2019 WL 12384749, at *2 (S.D. Fla. Dec. 27, 2019) (labeling "open and obvious" as an affirmative defense, for which defendant bears the burden of proof); *Jordan v. Celebrity Cruises, Inc.*, 2018 WL 3584702, at *11 n.10 (S.D. Fla. July 25, 2018) ("Defendant has the burden to prove not only the condition itself was open and obvious but that the *dangerousness* of the condition was also open and obvious.") (emphasis in original), *report & recommendation adopted by* 2018 WL 4776336 (S.D. Fla. Sept. 21, 2018).

Whether a condition is open and obvious comes down to the facts of each case. For example, in *Lancaster v. Carnival Corp.*, this Court found that because a piece of luggage was "discernible through common sense and the ordinary use of eyesight," the tripping hazard presented by the luggage was open and obvious. 85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015). Likewise, in *Lugo v. Carnival Corp.*, this Court concluded that "any danger posed by descending a bunk bed ladder that did not reach the floor of the cabin was open and obvious to Plaintiff." 154 F. Supp. 3d 1341, 1346 (S.D. Fla. 2015). In contrast, the Eleventh Circuit in *Carroll* reversed a district court's grant of summary judgment on open and obvious grounds where there existed an issue of fact as to whether a reasonable person would have observed a protruding chair leg when walking through a narrow walkway with her view blocked by her husband. 955 F.3d at 1265. Similarly, this Court in *Merideth v. Carnival Corp.* denied summary judgment because "the lack of slip resistance in the tiles themselves may not have been conspicuous to the naked eye." 49 F. Supp. 3d 1090, 1095 (S.D. Fla. 2014).

Here, Royal Caribbean has not presented evidence sufficient to foreclose a factual issue on whether a reasonable person would have noticed the allegedly hazardous nature of the subject staircase. Royal Caribbean points out that Hager testified that she knew there was water all over

the deck near the surfing ride. Mot. at 10–11. However, this testimony does not establish "open and obvious" for two reasons. First, Hager's testimony regarding the water she observed pertained mostly to the deck, not the staircase. *See* [ECF No. 41-1] at 25:21–25, 27:3–7, 45:1–3. Second, Hager's allegations—and the evidence she has offered in support of those allegations—present a possibility that Hager's foot "caught something" on the steps, namely, the anti-slip tape on the step. *See id.* at 27:5–7; *see also* Am. Compl. ¶¶ 13, 18. Royal Caribbean offers no evidence and makes no argument that a reasonable person, "through common sense and the ordinary use of eyesight," would notice that the anti-slip tape had protruded enough to be a tripping hazard. *See Lancaster*, 85 F. Supp. 3d at 1344.

Rather, Royal Caribbean urges the Court to grant summary judgment because Hager failed to respond to Royal Caribbean's argument regarding whether the hazardous condition was open and obvious. *See* Reply at 3. Royal Caribbean is correct that Hager failed to address the issue of open and obvious. *See generally* Resp. And there is plenty of Eleventh Circuit precedent stating that when a plaintiff fails to respond to a defendant's argument on summary judgment, the plaintiff abandons the claim to which the defendant's argument pertains. *See, e.g.*, *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001). But the Court cannot grant a motion for summary judgment by default, even if the nonmoving party fails to respond. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The defendant's motion must be supported by evidentiary materials, regardless of plaintiff's lack of response. *Id.* at 1101–02.

As noted above, no "evidentiary materials" support a finding that a reasonable person would have observed the hazardous nature of the anti-slip tape on which Hager allegedly tripped. Thus, Hager's lack of response to Royal Caribbean's open and obvious argument does not mandate

summary judgment. Further, the claim of open and obvious was not made by Hager and thus, was not Hager's to abandon. A plaintiff will be deemed to have abandoned a claim by failing to respond when the claim at issue is one that was brought by the plaintiff. *See Wilkerson*, 270 F.3d at 1322 (deeming plaintiff's claim abandoned when plaintiff asserted claim in complaint, but failed to respond to defendant's argument regarding that claim at summary judgment); *Schwarz v. Bd. of Supervisors ex rel. Vills. Cmty. Dev. Dist.*, 672 F. App'x 981, 982–83 (11th Cir. 2017) (affirming district court's holding that plaintiffs had waived one of the counts in their complaint because plaintiffs failed to respond to defendants' summary judgment arguments on that count). The claim of open and obvious, however, is brought by Royal Caribbean and is Royal Caribbean's burden to support. *See Lebron v. Royal Caribbean Cruises, Ltd.*, 2018 WL 5098972, at *6–7 (S.D. Fla. Aug. 14, 2018) (analyzing whether Royal Caribbean could present evidence sufficient to support its affirmative defense that certain dangers were open and obvious). Consequently, Hager's failure to respond did not abandon any defense she has to Royal Caribbean's open and obvious argument.

In sum, Royal Caribbean has not shown an absence of factual dispute as to whether a reasonable person would have seen the dangerous condition that caused Hager to fall down the staircase. Moreover, Hager's failure to respond to Royal Caribbean's open and obvious argument neither justifies summary judgment nor abandons any argument Hager might make against the open and obvious defense. Thus, summary judgment is not appropriate.

### IV. CONCLUSION

Hager has adduced evidence sufficient to prevent this Court from concluding that she would be "unable to prove [her] case at trial." *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). Genuine disputes of fact exist as to what caused Hager to lose her balance and fall down the staircase, whether Royal Caribbean knew or should have known of the alleged hazard

that caused Hager's fall, and whether any such hazard was open and obvious. Accordingly, summary judgment is not warranted in this case, and the Motion [ECF No. 42] is **DENIED**.

    **DONE and ORDERED** in Chambers in Miami, Florida on May 25, 2022.

                                              PAUL C. HUCK
                                              UNITED STATES DISTRICT JUDGE

Copies furnished to:
The Honorable Jacqueline Becerra
Counsel of Record